## Stuppler v. CDM Properties, Inc.

*Brett A. Huckabee*, for plaintiffs.
*Gene M. Venzke*, for defendant.

ESHELMAN, W.R., *J.*, April 10, 1981—Plaintiffs and defendant entered into an agreement of sale on April 11, 1980 providing for purchase by plaintiffs from defendant of a certain condominium unit located at Berkshire Estates in Spring Township, Berks County, settlement to be held on or before June 11, 1980. On June 4, 1980 the parties met for the purpose of settlement, but settlement was not accomplished on that date or thereafter. Defendant retained the down payment under a claim that plaintiffs breached the agreement of sale.

On June 20, 1980 plaintiffs filed a praecipe for writ of summons in equity, which summons was properly served upon defendant by the sheriff of Berks County on July 7, 1980. On June 30, 1980 plaintiffs filed a complaint in equity seeking, inter alia, specific performance of the agreement of sale. The complaint was served upon defendant by first class mail. On July 31, 1980, which was more than 20 days after the mailing of the complaint with no responsive pleading having been filed by defendant,

plaintiffs sent by first class mail separate notices of default addressed to defendant and to defendant's in-house counsel, Maria M. Ruscitella, Esq., informing defendant that if it did not act within ten days a judgment may be entered against defendant. On August 12, 1980, defendant having taken no action, on request of plaintiffs a judgment by default was entered by the prothonotary in favor of plaintiffs. On September 5, 1980 defendant filed a petition to open and strike the judgment. Plaintiffs filed an answer, and depositions were taken in support of the petition on December 8, 1980. The matter is now before this court for disposition.

Defendant contends (1) that the complaint was not properly served on defendant and that the default judgment should be stricken; and (2) that the facts and equities require that the judgment be opened.

### 1. Striking the Judgment—Service of Complaint

There is no dispute that original process in the form of writ of summons by which the action in equity was commenced was properly served by the sheriff on defendant. No appearance or pleading having been filed by defendant, plaintiffs next filed a complaint and a copy was mailed to defendant's place of business. Defendant does not deny that the complaint was timely received, but contends that the complaint should have been personally served by the sheriff or by a competent adult and not by mail, that a defect in the judgment therefore appears on the face of the record and the judgment should be stricken. This court disagrees with defendant's contention.

Pa.R.C.P. 1501, applicable to the chapter on

Equity Actions, provides: "Except as otherwise provided in this chapter, the procedure in an action in equity shall be in accordance with the rules relating to the action of assumpsit." Assumpsit Rule 1009(a) provides: "The writ, or the complaint if the action is commenced by complaint . . ., shall be served by the sheriff within thirty (30) days after issuance or filing. . . ." Assumpsit Rule 1027 provides: "A party filing a pleading, other than a complaint by which an action is commenced . . ., shall forthwith serve it on every other party (1) by leaving a copy for or mailing a copy to him at the address endorsed on an appearance or prior pleading of the party, but if there is no such endorsement, then (2) by leaving a copy for or mailing a copy to him at the residence or place of business of the party. . . ."

Defendant argues that service of the complaint in question is not governed by said Assumpsit Rule 1027 but by Equity Rule 1504(a), which provides: "Except as otherwise provided by an Act of Assembly, service may be made of an original, reinstated, reissued or substituted writ or complaint by the sheriff or a competent adult within the time and in the manner provided for the service of a writ of summons in an action of assumpsit."

A careful consideration of the various rules and the derivation thereof applicable to service of a complaint in equity, leads to the conclusion that said Equity Rule 1504(a) providing for service by the sheriff or a competent adult applies only to service of original process whether it be by writ of summons or complaint, but not to the service of a complaint as a pleading after the action has been commenced by service of a writ of summons. Although in an assumpsit action personal service of the writ of summons or complaint by which an ac-

tion is commenced may be made only by the sheriff, in an equity action service may be made by the sheriff or by a competent adult: 5 Goodrich-Amram 2d § 1504(a):2 in the chapter on Action in Equity and section on Service of process; who may serve, states:

"Under the Assumpsit Rules the sheriff must serve the initial process, whether it be a writ or a complaint. . . . The former Equity Rules permitted the bill to be served by either the sheriff or an adult, but if the summons was used to commence the action only the sheriff could serve it, for the summons was always addressed to the sheriff.

"Subdivision (a) of Rule 1504 makes several changes. . . . Subdivision (a) provides that either the writ of the complaint may be served by either the sheriff or a competent adult. . . ." (Footnotes omitted.)

Since the complaint in question was a pleading and not original process, Equity Rule 1504 does not apply, and service by mail was proper. Further, defendant does not deny receiving the complaint so that there can be no prejudice because of the method of service.

• • •

## ORDER

April 10, 1981, it is ordered that defendant's petition to strike judgment is denied and the rule to show cause is discharged; it is further ordered that defendant's petition to open judgment is granted and the rule to show cause is made absolute. Defendant is allowed 20 days to file a responsive pleading to plaintiffs' complaint.